USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/19/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE 199 EAST 7TH STREET LLC,

               Debtor.

DAVID CARLEBACH,

               Appellant,

         v.

U.S. TRUSTEE ALBERT TOGUT,

               Appellee.

No. 17-CV-545 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Appellant David Carlebach, an attorney proceeding *pro se*, appeals several orders of the United States Bankruptcy Court for the Southern District of New York. Appellee William K. Harrington, United States Trustee, moves to dismiss this appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8009(a). For the reasons set forth below, the Trustee's motion is granted.

## BACKGROUND

On January 25, 2017, Carlebach filed this appeal. *See* Dkt. 1. Carlebach appeals three orders of the bankruptcy court: (1) a January 18, 2017 decision and order directing the United States Marshals to take him into custody until he purges a civil contempt order; (2) a January 19, 2017 order denying his motion to quash a subpoena; and (3) a January 19, 2017 order denying

his motion to vacate a prior order. *See* Dkt. 1.[1] Carlebach has not filed a designation of items to be included in the record on appeal and a statement of issues presented (a "Designation and Statement"), as required by Rule 8009(a).

On March 21, 2017, the Trustee moved "for an order to show cause for an order dismissing this bankruptcy appeal," on the basis of Carlebach's failure to file a Designation and Statement. *See* Dkt. 13. On March 28, 2017, the Court ordered Carlebach to show cause, by April 5, 2017, why this appeal should not be dismissed for failure to comply with Rule 8009(a). *See* Dkt. 15. Carlebach did not respond to the Court's order. On April 7, 2017, the Trustee submitted a letter again requesting that the Court dismiss the appeal. *See* Dkt. 18.

## LEGAL STANDARD

Under Rule 8009(a), an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1). Rule 8003(a)(2) authorizes a district court to "act as it considers appropriate, including dismissing the appeal," where an appellant "fail[s] to take any step other than the timely filing of a notice of appeal." Fed. R. Bankr. P. 8003(a)(2). If an appellant fails to file a Designation and Statement on time, he must demonstrate "excusable neglect" to avoid dismissal of his appeal. *See Lynch v. United States* (*In re Lynch*), 430 F.3d 600, 603 (2d Cir. 2005) (per curiam); *see also, e.g.*, *Coe v. MF Glob. Holdings Ltd.* (*In re MF Glob. Holdings*

---

[1] On January 26, 2017, the Court denied Carlebach's motion for a stay of the bankruptcy court proceedings pending resolution of this appeal. *See* Dkts. 10, 11. On March 2, 2017, the bankruptcy court issued an amended bench warrant, directing the United States Marshals to take Carlebach into custody and hold him until he purges his civil contempt order. *See* Decl. of Andrew D. Velez-Rivera Ex. C (Dkt. 14). According to the United States Marshals Service, Carlebach has not been arrested and is not in its custody.

*Ltd.*), No. 17-CV-167 (GHW), 2017 WL 744603, at \*1 (S.D.N.Y. Feb. 23, 2017); *Helen-May Holdings, LLC v. Geltzer*, No. 13-CV-6643 (RJS), 2013 WL 12080931, at \*2 (S.D.N.Y. Dec. 6, 2013), *aff'd*, 582 F. App'x 61 (2d Cir. 2014) (summary order).[2]

In determining whether a party has demonstrated excusable neglect, courts consider four factors identified by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993): "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*; *see also, e.g.*, *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 122 (2d Cir. 2005); *Rode v. ResCap Borrower Claims Tr. (In re Residential Capital, LLC)*, No. 16-CV-8549 (GHW), 2016 WL 7477558, at \*2 (S.D.N.Y. Dec. 28, 2016). The Second Circuit has "'taken a hard line' in applying the *Pioneer* test." *In re Enron Corp.*, 419 F.3d at 122 (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003)). While "'three of the *Pioneer* factors'—the length of the delay, the danger of prejudice, and the movant's good faith—'usually weigh in favor of the party seeking the extension,'" the Second Circuit has "'focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant.'" *Id.* (alteration omitted) (quoting *Silivanch*, 333 F.3d at 366). "[T]he equities will rarely if ever

---

[2] The term "excusable neglect" is found in Rule 9006(b)(1), which provides that, on a party's motion made after the deadline for performing certain acts has passed, for cause shown and in its discretion, a court may "permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). "While Rule 9006(b)(1) governs untimely actions at any stage in the bankruptcy proceedings, Rule [8003(a)] is specifically addressed to bankruptcy appeals." *In re Lynch*, 430 F.3d at 605 (citing Rule 8001(a), which is the predecessor to Rule 8003(a)). And although Rule 8003(a) "does not set standards for when dismissal is appropriate," the Second Circuit has held that, in determining whether to dismiss an appeal under Rule 8003(a) for failure to file a Designation and Statement, a district court should apply the "excusable neglect" standard of Rule 9006(b)(1). *Id.*

favor a party who fails to follow the clear dictates of a court rule," and "where the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 123 (alteration omitted) (quoting *Silivanch*, 333 F.3d at 366–37).

## DISCUSSION

Carlebach's failure to comply with Rule 8009 warrants dismissal of this appeal. Carlebach has provided no reason for his failure to file a Designation and Statement, leaving the Court with no basis for finding that that this delay was "within [his] reasonable control." *In re Enron*, 419 F.3d at 122; *see In re Residential Capital, LLC*, No. 16-CV-8549 (GHW), 2016 WL 7477558, at \*3 (finding that an appellant "cannot show excusable neglect" for failing to file a brief after making "no submissions in response to the Court's order to show cause" and providing "no information regarding the reason for Appellant having missed the deadline"). The filing requirement of Rule 8009(a) is "quite clear." *In re Lynch*, 430 F.3d at 604 (citing Rule 8006, the predecessor to Rule 8009). So too was the Court's order to show cause, which specifically stated that Carlebach was required to submit a Designation and Statement under Rule 8009(a)(1) and that his failure to do so, or to show cause why he had not, would result in dismissal of this appeal. *See* Dkt. 15. Nonetheless, Carlebach failed to make any responsive submissions. Carlebach's failure to provide any reason for his delay in filing in a Designation and Statement or responding to the Court's order to show cause weighs strongly against a finding of excusable neglect.[3]

The remaining *Pioneer* factors do not tip the balance in Carlebach's favor. The "length

---

[3] While there is an outstanding warrant for Carlebach's arrest, issued by the bankruptcy court on March 2, 2017, the United States Marshals Service has informed the Court that Carlebach has not been arrested and is not in its custody. Moreover, since this arrest warrant was issued, Carlebach has continued to file documents through the ECF system in several other bankruptcy proceedings. *See, e.g.*, *In re Three Amigos SJL Rest., Inc.*, No. 16-bk-13341 (SMB), Dkt. 48 (Bankr. S.D.N.Y. Mar. 16, 2017); *In re Silas Metro Holdings Corp.*, No. 16-bk-40000 (SMB), Dkt. 22 (Bankr. S.D.N.Y. Mar. 16, 2017).

4

of the delay" is significant: Carlebach's Designation and Statement are now overdue by more than three months. *Pioneer,* 507 U.S. at 395; *see, e.g., Alphas v. Pereira (In re The Alphas Co. of N.Y. Inc.*), No. 15-CV-1106 (LGS), 2016 WL 347341, at *3 (S.D.N.Y. Jan. 27, 2016) (finding that an appellant's delay of approximately three months in filing a Designation and Statement was not the result of excusable neglect); *Burton v. Schachter (In re Burton*), 316 B.R. 138, 140 (S.D.N.Y. 2004) (finding that an appellant failed to demonstrate excusable neglect for failing to file a Designation and Statement, where the delay lasted three and one-half months). Even if Carlebach acted in good faith and even if the prejudice resulting from his delay were minimal, he has not demonstrated excusable neglect for his failure to file a Designation and Statement in this appeal. *See In re Enron Corp.*, 419 F.3d at 122–23.

Because Carlebach has failed to show excusable neglect, the Court would not permit the late filing of a Designation and Statement. *See In re Lynch*, 430 F.3d at 605. And since "a bankruptcy appeal cannot proceed without a Designation and Statement," this appeal "has to be at an end." *Id.*

## CONCLUSION

For the foregoing reasons, the Trustee's motion to dismiss this appeal is granted. The Clerk of Court is respectfully directed to close this case. SO ORDERED.

Dated: May 19, 2017
New York, New York

Ronnie Abrams
United States District Judge

5